UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARTIN GARZA NUNEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 06-3777 |
| WEEKS MARINE, INC. | * | SECTION: "L" (5) |

## ORDER AND REASONS

Pending before the Court is Defendant Weeks Marine, Inc.'s Motion to Amend The Court's Findings of Fact and Conclusions of Law (Rec. Doc. No. 64) and Motion for a New Trial (Rec. Doc. No. 65). For the following reasons, the Court determines that the Defendant's Motions are DENIED.

I.   **Factual and Procedural Background**

On July 17, 2006, the Plaintiff seaman filed suit against the Defendant employer in this Court for injuries he allegedly sustained on June 24, 2006 while working aboard the Defendant's vessel located in the Atchalfalaya Bay Channel. The Plaintiff claims damages under the Jones Act, 46 U.S.C. § 688, and general maritime law predicated on negligence and unseaworthiness of the vessel, along with a claim for maintenance and cure.

On June 5, 2007, the Court issued its findings of fact and conclusions of law with respect to whether the Plaintiff was bound by an arbitration agreement he signed after the accident (Rec. Doc. No. 63). The Court held that the Plaintiff was not bound by the agreement and could litigate his claims in the appropriate court of law.

**II.     The Motions**

The Defendant filed the instant motions on July 19, 2007. In its Motion to Amend the Court's Findings of Fact and Conclusions of Law, the Defendant argues that paragraph 3 of the Court's findings of fact, which addresses the Plaintiff's physical condition, should be amended because there was no medical evidence submitted to the Court on the issue of any specific injuries to the Plaintiff. The Defendant claims that it will be prejudiced by this factual finding because it will be unable to gain discovery, vet, or defend itself against this factual finding.

The Defendant's Motion for a New Trial is also premised on paragraph 3 of the Court's findings of fact. The Defendant argues that a new trial is necessary so that it may present evidence as to the Plaintiffs' specific injuries. The Defendant claims that it will be prejudiced by this factual finding because it will be unable to gain discovery, vet, or defend itself against this factual finding.

In opposition, the Plaintiff argues that the fact that the Court made specific factual findings as to the Plaintiff's injuries does not preclude the Defendant from challenging the Plaintiff's medical evidence at the trial on the merits of the Plaintiff's claims. Further, the Plaintiff argues that the Court had to address the Plaintiff's physical condition, state of mind and capacity at the time of the execution of the arbitration agreement, a fact that the Defendant concedes.

**III.    Law and Analysis**

"Under Rule 52(b) of the Federal Rules of Civil Procedure, a party may petition the trial court to amend its findings of fact within ten days of the entry of judgment. The purpose of motions to amend is to correct manifest errors of law or fact or, in some situations, to present newly discovered evidence." *Fontenot v. Mesa Petro. Co.*, 791 F.2d 1207, 1209 (5th Cir. 1986).

A Rule 52(b) motion is not to be used to introduce evidence that was available at trial but not offered, to relitigate old issues or advance new theories, or to secure a rehearing on the merits. *Id.* A court is only required to amend its findings of fact based on evidence in the record, and to do otherwise would be to defeat "the compelling interest in the finality of litigation." *Id.*

Pursuant to Rule 59(a), whether to grant a new trial is left to the sound discretion of the trial judge, and the court's authority is large. *In re Omega Protein, Inc.*, 2007 WL 1974309, *2 (W.D. La. July 2, 2007) (*citing Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415. 433 (1996)). The court may grant a new trial if it finds that the verdict is against the weight of the evidence, the damages awarded were excessive, the trial was unfair or prejudicial error was committed in the course of the trial. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

On April 16, 2007, a bench trial was held on the solely on the issues of fraud and duress and whether the arbitration agreement was knowingly and voluntarily executed (*See* Rec. Doc. No. 43, pp. 15-18). The Court issued its findings of fact and conclusions of law on July 5, 2007, holding that the Plaintiff was not bound by the arbitration agreement, and that he may proceed to litigate his personal injury claims in the appropriate court of law; the Court's findings of fact and conclusions of law did not finally decide any issues of negligence, unseaworthiness or the nature and extent of the Plaintiff's injuries.

At issue in both of the Defendant's motions is paragraph three of the Court's findings of fact and conclusions of law which states, in its entirety:

> On June 24, 2006, the Plaintiff allegedly sustained injuries while he was performing services aboard the Defendant's vessel George D. Williams. *The Court makes no findings at this time*

> *regarding the nature and circumstances surrounding the accident, or apportions liability to any party.* However, *for purposes of a review of evidence regarding the Plaintiff's physical and mental capacities at the time of the Arbitration Agreement's execution*, the Court finds that the Plaintiff sustained a herniated cervical disk and a herniated lumbar disk. The Plaintiff was taken to the emergency room where he received treatment and he was later taken to doctors on June 26 and/or June 27, 2006 to receive further treatment and a prescription for pain medications.

Findings of Fact and Conclusions of Law, ¶3 (emphasis added). As the foregoing makes clear, the Court's finding as to Plaintiff's injuries is only for the purpose of the Plaintiff's physical and mental capacities at the time of he execution of the arbitration agreement. This in no way prevents the Defendant from challenging the Plaintiff's injuries when, and if, a trial on the merits of this case is held. In no way does this finding of fact prevent the Defendant from being able to discover, vet, or defend against these facts in a trial on the merits.

The Defendant states in both memoranda in support of its motions that it "is aware that this Court had to assess Mr. Nunez's physical condition, state of mind, and capacity at the time of the explanation and execution of the Arbitration Agreement." If so, there is no reason why the Defendant could not have presented evidence with regard to Plaintiff's physical condition at the trial. As stated above, a Rule 52(b) motion is not to be used to introduce evidence that was available at trial but not offered. Further, there is no reason why a new trial would be warranted in this situation. The Defendant does not raise any objections to the trial other than the contents of paragraph three of the Court's findings of fact. This does not rise to the level of warranting a new trial.

4

## IV.     Conclusion

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion to Amend/Correct Findings of Fact and Conclusions of Law and Motion for a New Trial are DENIED.

New Orleans, Louisiana, this  15th  day of August, 2007.

_____
                    UNITED STATES DISTRICT JUDGE