UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MARTIN GARZA NUNEZ | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 06-3777 |
| WEEKS MARINE, INC. | * | SECTION: "L" (5) |

**ORDER & REASONS**

Pending before the Court is the Motion for Judgment as a Matter of Law and for New Trial filed by Plaintiff Martin Garza Nunez (Rec. Doc. No. 167), the Motion for New Trial as to Plaintiff's Maintenance and Cure Cause of Action filed by Defendants Atlantic Sounding Company, Inc. and Weeks Marine, Inc. (Rec. Doc. No. 176), and the Motion for Judgment as a Matter of Law filed by Plaintiff Martin Garza Nunez (Rec. Doc. No. 178). The Court, having reviewed the arguments of counsel, the record, and applicable jurisprudence, is fully advised and now ready to rule.

## I. BACKGROUND

This case arises out of injuries sustained by Martin Garza Nunez (the "Plaintiff") on June 24, 2006, while the Plaintiff was employed by the Defendant Weeks Marine, Inc. as a member of the crew of the dredge, the GEORGE D. WILLIAMS. The Court has previously summarized the facts and procedural history of this case.[1] At the joint request of the parties the

---

[1] *See* Rec. Doc. No. 170.

Court severed the maintenance and cure claim for later presentation to the Court without a jury. The Jones Act and unseaworthiness portion of the case came on for trial before a jury on January 5, 2009 and concluded on January 7, 2009 on the issue of whether the Defendants were negligent or whether the barge was unseaworthy, and to determine the amount of damages.

In its answers to interrogatories, the jury found that the barge was not unseaworthy. As to claims for compensatory damages, the jury held the Defendants to be 25% negligent, and the Plaintiff 75% negligent. The jury awarded the Plaintiff $10,000 for past medical expenses, $10,000 future medical expenses, $66,000 past wages, $40,000 future wages, and $100,000 for pain and suffering, mental anguish and impairment. The Court severed the maintenance and cure claim, to be decided by affidavit before the Court without a jury. The Plaintiff's maintenance and cure claim came on for trial without a jury on January 21, 2009. The Court held that the Plaintiff is entitled to cure in the amount of $50,044.46 with prejudgment interest from the date of judicial demand at the rate of 5.5 percent, maintenance in the amount of $20.00 per day from December 19, 2006 until October 29, 2008 with prejudgment interest at the rate of 5.5 percent, and held that the Defendants are not liable for attorneys' fees for willful denial of maintenance and cure.[2] The Court issued judgment on the issue of maintenance and cure April 29, 2009[3] and judgment on the jury verdict on May 12, 2009.[4]

## II.   MOTIONS & ANALYSIS

The Plaintiff has filed two post-trial motions seeking various forms of relief, and the Defendants have filed one post-trial motion. First, on January 19, 2009, the Plaintiff filed a

---

[2]*See* Rec. Doc. No. 170.

[3]*See* Rec. Doc. No. 173.

[4]*See* Rec. Doc. No. 177.

Motion for Judgment as a Matter of Law, or Alternatively, Motion for New Trial.[5] The Plaintiff asserts that the jury erred in not finding the vessel was unseaworthy, the jury improperly reduced the Plaintiff's damages by the fault of Dr. Perez, a non-party, and the jury erred in its allocation of fault and damages. Second, on May 14, 2009, the Plaintiff filed a Motion for Judgment as a Matter of Law, reiterating the claims set forth in its Motion for New Trial.[6] In response, the Defendants argue that the medical evidence at trial supports the jury's verdict, the factual evidence supported the jury's verdict on unseaworthiness and Plaintiff's contributory negligence, and the arguments regarding Dr. Perez were appropriate and fully supported by the facts presented at trial.

The Defendants move for a new trial or, in the alternative, to alter or amend the judgment pursuant to Rule 59(e) entered on April 28, 2009 with respect to the Court's decision on Plaintiff's maintenance and cure claims.[7] The Defendants argue that the jury's verdict should be accorded the same weight and deference applied by the Fifth Circuit when reviewing de novo a motion for judgment as a matter of law. The Defendants assert that the weight of the evidence indicates that the Plaintiff's injury did not require surgery, and the jury clearly rejected the lumbar spine surgery performed by Dr. Perez. Further, Defendants seek an order finding that the Plaintiff is not entitled to prejudgment interest for medical expenses incurred after the date of judicial demand. In response, the Plaintiff argues that amount of cure provided to the Plaintiff was insufficient, in light of the testimony of Dr. Perez and the fact that the Defendants are

---

[5]*See* Rec. Doc. No. 167.

[6]*See* Rec. Doc. No. 178.

[7]*See* Rec. Doc. No. 176.

entitled to no credit on the award of maintenance and cure. The Plaintiff further asserts that the denial of maintenance and cure was willful and capricious.

**a. Motion for Judgment as a Matter of Law Filed by Plaintiff**

On January 19, 2009, and May 14, 2009, the Plaintiff moved for judgment as a matter of law pursuant to Rule 50(a).[8] Judgment as a matter of law is appropriate with respect to a given issue if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue." Fed. R. Civ. P. 50(a)(1). "This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict." *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir.2004). In applying this standard, "the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make credibility determinations or weight the evidence, as those are jury functions." *Id.*

The Plaintiff asserts that the Defendants failed to provide a reasonably safe means for the Plaintiff to perform his work because of the absence of a radio, the error in allowing the cable to unwind, and the failure to ensure that proper procedures were used when the spud was being raised and lowered. However, to recover damages from an unseaworthy condition, the plaintiff is required to establish a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy. *Gavagan v. United States*, 955 F.2d 1016, 1020 (5th Cir.1992) (*quoting Johnson v. Offshore Exp., Inc.*, 845 F.2d 1347, 1354 (5th Cir.1988)) ("To establish the requisite proximate cause in an unseaworthiness claim, a plaintiff must prove that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the

---

[8]*See* Rec. Doc. Nos. 167 and 178.

injury was either a direct result or a reasonably probable consequence of the unseaworthiness."). Additionally, there is no evidence to indicate that the Defendants' employees had a habit of standing in the basket when the spud was being raised, or that the alleged negligence in failing to ensure that proper procedures were used when the spud was being raised and lowered persisted for a sufficient period to render the vessel unseaworthy. *See, Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971).

The Plaintiff further asserts that the Defendants can only be negligent for failing to provide the Plaintiff with a reasonably safe place to work. As Plaintiff's argument goes, the jury interrogatory finding that the vessel was seaworthy, along with the interrogatory finding that the Defendants were negligent, are internally inconsistent as the Defendants' negligence resulted from their failure to provide the Plaintiff a safe place to work. The case law does not support the Plaintiff's contention. In fact, the Plaintiff's contention would lead to the result that a Jones Act employer could never be held negligent where the vessel is also seaworthy. To the contrary, it is well established that "liability based upon unseaworthiness is wholly distinct from liability based upon negligence." *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 500, 91 S. Ct. 514, 518 (1971). Accordingly, the Plaintiff's contention that the jury interrogatories finding seaworthiness as well as negligence are internally inconsistent is without support.

The Plaintiff argues that the Court erred in allowing the Defendants to present evidence that Dr. Perez's medical treatment was unnecessary. The Court declines to find that it is implicit in the jury's verdict that unnecessary medical treatment constituted medical malpractice, an impermissible superseding cause of the Plaintiff's injuries. The testimony regarding the necessity of Dr. Perez's treatment went to the credibility of Dr. Perez and presented the jury with evidence

regarding the necessary and appropriate medical treatment for the Plaintiff. The testimony of Dr. William Blair, Dr. G. Gredory Gidman, Dr. Gary C. Freeman, and Dr. Fred L. Perez provided the jury with evidence regarding the Plaintiff's medical condition, and the jury was entitled to draw its own conclusions as to how much weight these opinions should be afforded. The conflicting testimony did not serve to create error; rather, it permitted the jury to determine the Plaintiff's damages based upon a "legally sufficient evidentiary basis." Fed. R. Civ. P. 50(a).

Considering all of the testimony and evidence presented at trial with respect to these issues, and drawing all reasonable inferences in favor of the Defendants, the Court concludes that the jury's finding that the Defendants were negligent, yet the vessel was seaworthy, does not lack a "legally sufficient evidentiary basis." Fed. R. Civ. P. 50(a). Indeed, the Court finds that the jury's conclusion in this respect is reasonable.

### b. Motion for New Trial Filed by Plaintiff

The Plaintiff has also filed a Rule 59 motion for a new trial.[9] Rule 59 provides that a new trial may be granted "on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir.1985) (citations omitted); *see also*

---

[9]*See* Rec. Doc. Nos. 167, 172, and 174. On May 29, 2009, the Court denied the Plaintiff's Motions for New Trial (Rec. Doc. Nos. 172 and 174) as duplicative. *See* Rec. Doc. No. 181.

*McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 3087164, at *2 (E. D. La. Oct.27, 2006).

The Plaintiff reasserts his argument that the verdict was inconsistent where the jury found negligence but somehow failed to find that the Defendants' negligence made the vessel unseaworthy. Further, the Plaintiff argues that General Maritime Law precludes a reduction of the Plaintiff's damages by the fault of Dr. Perez, a non-party. The Plaintiff again states that the jury committed error when it apportioned the Plaintiff's fault and calculated Plaintiff's damages.

The Plaintiff claims that the jury adjusted its award of past and future medical care costs based on its determination that Mr. Nunez was 75% at fault. However, the Court instructed the jury not to make any reduction in the amount of damages awarded to the Plaintiff.[10] The verdict form provided to the jury again indicated that the jury was not to adjust its damage award, as the Court would make the adjustments, if necessary. There is no evidence that the jury disregarded the Court's instructions and apportioned the Plaintiff's damages based on the Plaintiff's fault. As the jury was properly instructed on this area, the Court declines the Plaintiff's invitation to engage in speculation regarding the jury's adherence to the Court's instructions.

Again, considering all of the testimony and evidence presented at trial, the Court concludes that not one of the jury's findings on any of the claims submitted to it is against the weight of the evidence. Moreover, the Court finds that this case has been litigated fairly and that the ends of justice have undoubtedly been served in this matter.

**c. Motion for New Trial or Amendment of Judgment filed by Defendant**

The Defendants have filed a motion for a new trial, or, alternatively, amendment of the judgment pursuant to rule 59(e). First, the Defendants argue that the jury's verdict indicates that

---

[10]*See* Rec. Doc. No. 156.

the jury did not believe the testimony of Dr. Perez. In light of the fact that the jury awarded $20,000 in medical expenses, the Defendants argue that the jury rejected the costs for Plaintiff's lumbar surgery and office visits. The Defendants argue that the jury discounted Dr. Perez's testimony and the Court should amend its judgment to the extent that it relies on the testimony of Dr. Perez so that it is consistent with the jury's credibility determination.

The Court declines to disturb its findings of fact to this effect. Although the Defendants set forth reasons to discredit the testimony of Dr. Perez, and has alleged a plausible explanation behind the jury's decision, it is not the only possible explanation for the jury's verdict. The jury's determination of negligence and causation is distinct from the court's determination of maintenance. Although the issues overlap and both awards should be considered to prevent double recovery, the standard of recovery is different. What the jury did is the issue, not why they did it. What the jury did is an issue of fact. Why they did it is an issue of speculation. In this case, all the Court can be certain of is that the jury returned a verdict for Plaintiff on the issue of damages. The Court cannot attempt to guess or speculate upon the details of the jury's rationale for reaching a verdict, and will not amend its judgment on the basis of such speculation.

Second, the Defendants seek an order finding that the Plaintiff is not entitled to prejudgment interest for certain medical expenses incurred after the date of judicial demand. Courts have long recognized that "when necessary in order to arrive at fair compensation," a court "may include interest or its equivalent as an element of damages." *Miller v. Robertson*, 266 U.S. 243, 258, 45 S.Ct. 73, 78-79 (1924) (internal citations omitted). In the context of maritime law, "an award of pre-judgment interest is the rule rather than the exception." *Koch Refin. Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1183 (5th Cir. 1996) (citing *Orduna S.A.*

*v. Zen-Noh Grain Corp.*, 913 F.2d 1149, 1157 (5th Cir.1990)). The Supreme Court has clarified that the decision to award prejudgment interest "depends upon the circumstances of each case, and rests very much in the discretion of the tribunal which has to pass upon the subject, whether it be a court or jury." *City of Milwaukee v. National Gypsum Co.*, 515 U.S. 189, 196, 115 S.Ct. 2091, 2096, 132 L.Ed.2d 148 (1995) (quoting *The Scotland*, 118 U.S. 507, 518-519, 6 S.Ct. 1174, 1175, 30 L.Ed. 153 (1886)). Ordinarily, prejudgment interest is awarded unless "peculiar circumstances" exist such that it would be "inequitable for the losing party to be forced to pay pre-judgment interest." *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 728 (5th Cir.1980) (footnote omitted). Such "peculiar circumstances" include, among other things, unreasonable delay by the plaintiff in the prosecution of the suit. *See, e.g. Socony Mobil Oil Co. v. Texas Coastal & Int'l, Inc.*, 559 F.2d 1008, 1014 (5th Cir.1977) (holding that defendant's lack of fault did not constitute a peculiar circumstance which warranted denial of prejudgment interest).

In this case, the Defendants argue that awarding prejudgment interest from the date of judicial demand overcompensates the Plaintiff because it provides interest on medical expenses prior to the date he actually received the services. In short, this argument does not dispute that the Plaintiff was a seaman entitled to cure but instead disputes the nature and extent of Defendants' liability for those benefits. However, a simple dispute as to the extent of a party's liability does not warrant a departure from the general and oft-cited principle that prejudgment interest should be awarded from the date of judicial demand unless peculiar circumstances exist. Defense counsel has cited no case law in support of such a proposition, nor is this Court aware of any. Instead, such a dispute over the extent of liability, much like a dispute over the existence of

9

liability at all, "is merely a characteristic of most ordinary lawsuits." *City of Milwaukee*, 515 U.S. at 198.

Furthermore, the Supreme Court has previously recognized that prejudgment interest is not awarded "according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness." *Blau v. Lehman*, 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed. 2d 403 (1962) (quoting *Board of County Com'rs v. U.S.*, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939)). While the Plaintiff had not actually received the medical treatment at issue here, he had, by the date of judicial demand, suffered the injuries which necessitated the treatment in the first place. Neither considerations of fairness or simplicity would be heeded by awarding the Plaintiff interest only from the actual date of treatment. Accordingly, this Court declines to reverse its award of prejudgment interest or to apportion the award of prejudgment interest from the date of each individual medical treatment.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion for Judgment as a Matter of Law and for New Trial (Rec. Doc. No. 167) and Plaintiff's Motion for Judgment as a Matter of Law (Rec. Doc. No. 178) be and are hereby DENIED. IT IS FURTHER ORDERED that Defendant's Motion for New Trial (Rec. Doc. No. 176) be and is hereby DENIED.

New Orleans, Louisiana, this <u>19th</u> day of June, 2009.

                                                    UNITED STATES DISTRICT JUDGE